UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO._____

**JULIANE MASSILLON**,

    Plaintiff,

vs.

**AMERICAN SECURITY INSURANCE COMPANY**,

    Defendant.

_____/

### DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant American Security Insurance Company ("American Security"), pursuant to 28 U.S.C. §§ 1446 and 1332, files this Notice of Removal and removes to the United States District Court an action which is pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. The facts and legal authority supporting this Notice of Removal are as follows:

### A. BACKGROUND AND CONDITIONS OF REMOVAL

1. On May 19, 2023, Plaintiff Juliane Massillon ("Plaintiff"), filed this civil action against American Security in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Plaintiff alleged a cause of action against American Security for breach of contract under a lender-placed insurance

certificate. Plaintiff effectuated service of process on American Security on May 23, 2023.

2. Plaintiff owns real property located at 6751 Meritmoor Circle, Orlando, Florida 32818 (the "Property"), which is the subject matter of this lawsuit. *See* ¶ 7 of Plaintiff's Complaint attached hereto as part of Composite **Exhibit "3"**. Public records obtained from the Orange County Property Appraiser's Website similarly reflect that Plaintiff owns the Property and that she is currently claiming a homestead exemption, which can only be claimed by citizens and permanent residents of Florida. *See* Printout from Orange County Property Appraiser Website, a true and correct copy of which is attached hereto as **Exhibit "1"** (accessed June 21, 2023).

3. American Security is a Delaware corporation with its principal place of business located at 260 Interstate North Cir., SE, Atlanta, Georgia, 30339. *See* printout from Florida Department of State, Division of Corporations' website, a true and correct copy of which is attached hereto as **Exhibit "2"** (accessed June 21, 2023); *see also Licari v. American Sec. Ins. Co.*, Case No. 8:12–cv–2853–T–33EAJ, 2013 WL 268688 (M.D. Fla. Jan. 24, 2013) (finding American Security's principal place of business as Georgia).

4. Venue is proper in the United States District Court for the Middle District of Florida because the case is being removed from the Circuit Court of the

Ninth Judicial Circuit in and for Orange County, Florida.

5. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of American Security's rights to assert any defenses or affirmative claims, including a counterclaim.

6. This Notice of Removal is being timely served and filed within the time allotted under 28 U.S.C. § 1446(b).

7. This action is not a non-removable action as described under 28 U.S.C. § 1445.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served as of this date is attached hereto as **Composite Exhibit "3."**

9. In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, American Security will serve Plaintiff with a copy of this Notice of Removal and will file a Notice of Filing of Notice of Removal with the Clerk of the Court for Orange County, Florida.

## B. THE COMPLAINT

10. This in an action for breach of an insurance policy, and Plaintiff's Complaint alleges that Defendant "The Defendant failed to make payment to the Plaintiff for the Loss at issue, a covered loss under the Policy." *See* ¶ 14 of Plaintiff's Complaint attached as part of **Composite Exhibit "3."**

11. The district court may find that it is "facially apparent" from the complaint that the amount in controversy requirement exceeds the jurisdictional minimum. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). If the jurisdictional amount is not apparent from the face of the complaint, then the court should look to the notice of removal and any relevant evidence available at the time the case was removed. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Roe v. Michelin N. Am.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("[I]n some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy."). The court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine whether the case is removable. *Pretka*, 608 F.3d at 754.

12. Here, the Complaint alleges that "[t]his is an action for damages which does exceed of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees." *See* ¶ 1 of Plaintiff's Complaint attached as part of **Composite Exhibit "3."** Plaintiff further alleges that she "has sustained material economic damage such as damaged or destroyed property, repair bills incurred and to be incurred." *Id.* at ¶ 24. Prior to filing their lawsuit, counsel for the Plaintiff filed a Notice of Intent to Initiate Litigation, along with an estimate, ("Notice of Intent") demanding damages in the amount of $149,243.00 . A copy of the Notice of Intent and estimate is attached hereto as **Exhibit "4".** Therefore, Plaintiff is

seeking, at a minimum $149,243.00, exclusive of interest, attorneys' fees, and costs in this lawsuit.

13. As such, the preponderance of the evidence shows that the jurisdictional threshold of $75,000 is satisfied. *See* Complaint, attached as part of **Composite Exhibit "3"**; *see also Vigoa v. Bank of Am., N.A.*, No. 07-23108-CIV, 2008 U.S. Dist. LEXIS 128689, at *4 (S.D. Fla. Mar. 10, 2008) (a settlement letter can constitute an "other paper" justifying removal under § 1446 (b)); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) ("Defendants may use a variety of documents, including a written settlement demand, as an "other paper" under 28 U.S.C. § 1446(b) to determine if the case is removable").

### C. LEGAL STANDARD

14. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States….where such action is pending."

15. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

> **(1)** citizens of different States;
>
> **(2)** citizens of a State and citizens or subjects of a foreign state;

>**(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
>**(4)** a foreign state, defined in section 1603 (a) of this title, as Plaintiffs and citizens of a State or of different States.

17. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff (who is a citizens of Florida) and Defendant (American Security is a citizen of both Georgia and Delaware), and the amount in controversy is in excess of $75,000.

## D. CONCLUSION

18. As complete diversity and the jurisdictional amount have been met, this action is removable pursuant to 28 U.S.C. § 1332.

**WHEREFORE**, Defendant, American Security Insurance Company, respectfully requests that the aforesaid action now pending in the Circuit Court of the Eighteen Judicial Circuit be removed to this Honorable Court.

                              **SHUTTS & BOWEN LLP**
                              *Attorneys for Defendant, AMERICAN SECURITY INSURANCE COMPANY*
                              201 East Las Olas Boulevard
                              Suite 2200
                              Fort Lauderdale, FL 33301
                              Telephone: (954) 524-5505
                              Facsimile: (954) 524-5506

                              By: */s/ David Batista*
                                  **David O. Batista, Esq**.
                                  Florida Bar No. 175803
                                  Email: dbatista@shutts.com

                                  **Sara Levy, Esq.**
                                  Florida Bar No. 23767
                                  Email: slevy@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June 2023, a true and correct copy of the foregoing has been furnished *via* e-mail and CM/ECF to: Jordi Iturrizaga, Esquire, Kagan Law PLLC, 5965 Stirling Road, Suite 109, Davie, Florida 33314, (jordi@kaganlawfl.com, kate@kaganlawfl.com).

                                  */s/ David Batista*
                                  DAVID O. BATISTA

FTLDOCS 8840962 1